Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-262-0096
Fax: 212-571-0505

*Attorneys for Plaintiff, Kemp Bennett*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMP BENNETT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GMR MARKETING, LLC, [a Wisconsin Corporation],<br><br>Defendant. | Case Number:<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATION OF THE FMLA;<br>2. RETALIATION IN VIOLATION OF THE FMLA;<br>3. DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FEHA;<br>4. FAILURE TO ACCOMMODATE IN VIOLATION OF THE CALIFORNIA FEHA;<br>5. FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF THE CALIFORNIA FEHA;<br>6. AGE DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FEHA.<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kemp Bennett ("Plaintiff" or "Mr. Bennett"), by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Defendant GMR Marketing, LLC. ("GMR Marketing," the "Company," or "Defendant"), hereby alleges as follows:

//

## NATURE OF THE CLAIMS

1. This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with, restraint, and denial of Plaintiff's exercise of and/or attempt to exercise his rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and on the basis of his age and medical condition in violation the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 *et seq.* ("FEHA").

2. Defendant's discriminatory, retaliatory, and otherwise unlawful conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

5. On or about the date of the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the

Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"). Plaintiff's EEOC charge arises out of the same facts alleged herein.

6. When the EEOC completes its investigation of the charge and issues Plaintiff notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendant violated the ADA and ADEA as well.

7. Prior to the filing of this Complaint, Plaintiff filed charges of discrimination and retaliation in violation of the FEHA with the California Department of Fair Employment and Housing ("DFEH") against the Defendants. The DFEH charges arise out of the same facts alleged herein. On or about July 11, 2017, Plaintiff received a "right to sue" letter from the DFEH. Copies of Plaintiff's DFEH Charges and notices of right to sue are annexed to this Complaint as "Exhibit A," and are incorporated by reference herein.

8. Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

9. Plaintiff Kemp Bennett is a former employee of Defendant who resides in Marin County, California. After a decade of successful service to a predecessor entity, Mr. Bennett began working for Defendant GMR Marketing in or around January 2014. Defendant unlawfully terminated Mr. Bennett's employment on April 19, 2017, based on his need for FMLA leave, his medical condition, and his age. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

10. Upon information and belief, Defendant GMR Marketing is a Wisconsin corporation authorized to do business in California and maintains its principal executive office in New Berlin, Wisconsin. GMR Marketing is a global experiential marketing agency. At all relevant times, GMR Marketing met the definition of an "employer" under all applicable statutes.

//
//
//

**FACTUAL ALLEGATIONS**

11.     Plaintiff is a disabled person as defined under California Government Code § 12926(m). Plaintiff has been diagnosed with atrial fibrillation, a serious and permanent cardiovascular medical condition affecting his heart, that limits his major life activities and qualifies as a disability under California Government Code § 12926(m).

12.     On January 1, 2014, Plaintiff was hired by Defendant, GMR Marketing, LLC, in the capacity of Account Director. On April 19, 2017, Defendant terminated Plaintiff's employment. At all times herein mentioned, Plaintiff was qualified for the position of Account Director with GMR Marketing.

13.     The fact that Plaintiff is a disabled person, due to having atrial fibrillation, a serious medical condition that limits a major life activity as defined under California Government Code § 12926(m), was a determinative and/or substantial motivating factor in the Defendant's decision to terminate Plaintiff's employment.

14.     On January 19, 2017, Mr. Bennett experienced an irregular heartbeat and went to the emergency room for further testing. The next day, he met with a cardiologist for continued testing as the doctors were unable to properly diagnose him.

15.     On January 23, 2017, four days following his visit to the emergency room, Mr. Bennett had a meeting with his supervisor at GMR Marketing where he discussed his recent medical incident and his future work projects with the company.

16.      Mr. Bennett at all times continued to meet or exceeded the Company's legitimate expectations for his position.

17.     Several weeks later, Mr. Bennett had an echocardiogram and was fitted with a heart monitor for one-week, beginning on March 17 in San Francisco. Approximately three months following his initial medical emergency, Mr. Bennett met with a cardiologist in San Francisco and was ultimately

diagnosed with atrial fibrillation on April 14. He was recommended to undergo ablation surgery.

18. On April 17, three days after his diagnosis, Mr. Bennett scheduled his surgery for May 18. That day, he reported his diagnosis, scheduled surgery, and the necessary leave required for the surgery to his supervisor.

19. After receiving the news of his upcoming surgery and necessary leave, his supervisor suddenly informed Mr. Bennett that certain projects that he had been expecting since January were unexpectedly unavailable.

20. Two days following his requested medical leave, Mr. Bennett met with his supervisor and his supervisor's superior on April 19, who informed him that he was being terminated due to "lack of business opportunities".

21. The two attempted to assure Mr. Bennett that the termination had nothing to do with his work performance and was strictly related to the lack of client projects. However, the proximity of Mr. Bennett's request for medical leave and his termination was not coincidental — particularly because other projects were clearly available — and instead demonstrates that Defendant's stated basis for his termination was merely pretext.

22. Defendant's stereotyped perception of his health and medical condition and Defendant's unwillingness to engage in an interactive process that would have confirmed that Mr. Bennett remained fully capable and eager to perform his job to his accustomed standards were the true reasons for Mr. Bennett's abrupt termination.

23. Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of his disability, since Defendant terminated Plaintiff's employment due to his physical disability in violation of California Government Code § 12940(a).

24. As a proximate result of Defendant's discriminatory action against Plaintiff, as alleged

above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been terminated from Defendant. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

25. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

26. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff has and continues to incur attorney's fees and costs to enforce his rights, which Plaintiff will seek to recover pursuant to California Government Code § 12965(b).

27. The aforementioned acts of Defendant were willful, wanton, malicious and oppressive, and justify the awarding of exemplary and/or punitive damages according to proof.

**FIRST CAUSE OF ACTION**
**(Violation of the FMLA)**

28. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

29. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, the Company is and was a "covered employer" within the meaning of the FMLA.

//

//

//

30. The Company violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of and/or attempts to exercise Plaintiff's rights thereunder by, *inter alia*, terminating his employment for exercising and/or attempting to exercise his rights under the FMLA.

31. As a direct and proximate result of the Company's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

32. The Company's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)

33. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

34. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, the Company is and was a "covered employer" within the meaning of the FMLA.

35. The Company unlawfully retaliated against Plaintiff by subjecting him to disparate working conditions and unfair discipline, denying him equal terms and conditions of employment, and unlawfully terminating his employment in reprisal for exercising and/or attempting to exercise his rights under the FMLA and/or for opposing the Company's interference and refusal to allow him to exercise such rights.

36. As a direct and proximate result of the Company's unlawful retaliatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

37. The Company's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

## THIRD CAUSE OF ACTION
**(Discrimination in Violation of the California FEHA – Cal. Gov. Code §§ 12940 *et seq.*)**

38. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

39. California Government Code section 12940(a) provides that it is unlawful for any employer to refuse to employ or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of that person's physical disability.

40. At all times relevant hereto, Defendant was an employer, and Plaintiff was an employee of Defendant.

41. Defendant knew that Plaintiff had a physical disability.

42. Plaintiff was able to perform the essential job duties of his position.

43. Defendant refused to allow Plaintiff to work because of his physical disability.

44. In committing these actions, Defendant violated the Fair Employment and Housing Act.

45. Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights; Defendant refused to allow Plaintiff to return to work because of his disability despite the fact that Defendant knew that Plaintiff was able to perform the essential functions of his position notwithstanding his disability. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

46. As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

//

//

//

# FOURTH CAUSE OF ACTION
**(Failure to Accommodate in Violation of the California FEHA – Cal. Gov. Code §§ 12940 *et seq.*)**

47. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

48. California Government Code section 12940(m) provides that it is unlawful for any employer or any other covered entity to fail to make reasonable accommodation for the known physical or mental disability of an employee.

49. At all times relevant hereto, Defendant was aware of Plaintiff's physical disability.

50. Plaintiff requested that Defendant accommodate his disability.

51. Defendant unreasonably denied Plaintiff's request and refused to allow Plaintiff to return to work. Defendant then terminated Plaintiff's employment.

52. In committing these actions, Defendant violated the FEHA.

53. Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights; Defendant failed to accommodate Plaintiff despite the fact that Plaintiff requested reasonable accommodation. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

54. As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

# FIFTH CAUSE OF ACTION
**(Failure to Engage in Interactive Process in Violation of the California FEHA – Cal. Gov. Code §§ 12940 *et seq.*)**

55. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

56. California Government Code section 12940(n) provides that it is unlawful for any

employer or covered entity to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition.

57. At all times relevant hereto, Defendant was aware of Plaintiff's physical disability.

58. Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff.

59. In committing these actions, Defendant violated the Fair Employment and Housing Act.

60. Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights; Defendant failed to engage in a timely, good faith, interactive process with Plaintiff despite the fact that they were aware that Plaintiff were disabled. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

61. As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

### SIXTH CAUSE OF ACTION
**(Age Discrimination in Violation of the FEHA, California Government Code § 12940)**

62. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

63. Defendant GMR Marketing is subject to suit under the California Government Code §§ 12900 *et. seq.* in that Plaintiff was employed at Defendant's office in San Francisco, California, and Defendant is an employer regularly employing five or more employees within the State of California.

64. The unlawful employment practices complained of herein took place in San Francisco County.

65. Plaintiff is over the age of 40 and qualifies for protection under FEHA's protection against age discrimination for individuals over the age of 40.

66. At all times relevant hereto, Defendant was an employer, and Plaintiff was an employee of Defendant.

67. Defendant knew that Plaintiff was over the age of 40.

68. Plaintiff was able to perform the essential job duties of his position.

69. On April 19, 2017, when Plaintiff was 62 years-old, he was terminated from employment by Defendant due to discrimination based on his age.

70. Had he not been terminated, Plaintiff would have intended to continue working for Defendant for many years to come.

71. Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of Plaintiff's age in violation of California Government Code § 12940(a).

72. As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff has been promoted based on the merits of his achievements and not denied promotions and opportunities to earn commissions due to his age. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

73. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experience as an Account Director. As a result of such

discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

74.  As a further proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant containing the following relief:

A.  A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violated the laws of the United States and the State of California;

B.  An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic hardship, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for his depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to his personal and professional reputations and loss of career fulfillment;

E.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.  An award of liquidated damages pursuant to the FMLA;

G.  An award of punitive damages pursuant to the FEHA;

H.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I.  Such other and further relief as the Court may deem just and proper.

Dated:   July 13, 2017

San Francisco, CA

*(signature)*
Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-262-0096
Fax: 212-571-0505

*Attorney for Plaintiff*