1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   333 S. Hope Street, Suite 3900
3  Los Angeles, CA 90071-1406
   Telephone: (213) 270-9600
4  Facsimile: (213) 270-9601

5  Eric G. Ruehe (SBN 284568)
   eruehe@seyfarth.com
6  560 Mission Street, 31st Floor
   San Francisco, California  94105
7  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
8
   Attorneys for Defendant
9  GMR MARKETING, LLC

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  KEMP BENNETT, an individual,            Case No. 4:17-cv-03957-DMR

15                 Plaintiff,               **DEFENDANT GMR MARKETING,
                                            LLC'S ANSWER TO COMPLAINT**
16         v.
                                            Complaint Filed:  July 13, 2017
17  GMR MARKETING, LLC, [a Wisconsin
    Corporation],
18
                   Defendant.
19

20
          Defendant GMR MARKETING LLC ("GMR"), by and through its attorneys, respectfully files
21
    this Answer to Plaintiff  Kemp Bennett's ("Plaintiff") Complaint ("Complaint").  The following sections
22
    and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's Complaint.
23
    To the extent the allegations within Plaintiff's Complaint are not expressly admitted, they are hereby
24
    denied.
25

26

27

28

## NATURE OF THE CLAIMS

**COMPLAINT ¶1:**

This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with, restraint, and denial of Plaintiff's exercise of and/or attempt to exercise his rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and on the basis of his age and medical condition in violation the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 *et seq.* ("FEHA").

**RESPONSE TO COMPLAINT ¶1:**

GMR admits that Plaintiff purports to bring this action based on alleged unlawful employment practices against Plaintiff in violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 *et seq.* ("FEHA").  GMR denies that it violated any state or federal law with respect to Plaintiff, and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.  GMR denies the remaining allegations in Paragraph 1.

**COMPLAINT ¶2:**

Defendant's discriminatory, retaliatory, and otherwise unlawful conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages and severe mental anguish and emotional distress.

**RESPONSE TO COMPLAINT ¶2:**

GMR denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

**RESPONSE TO COMPLAINT ¶3:**

GMR admits that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331, but denies that GMR violated any state or federal laws with respect to Plaintiff.  GMR also denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.  GMR denies the remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**RESPONSE TO COMPLAINT ¶4:**

GMR admits that venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b).  GMR denies the remaining allegations set forth in Paragraph 4.

## PROCEDURAL REQUIREMENTS

**COMPLAINT ¶5:**

On or about the date of the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA").  Plaintiff's EEOC charge arises out of the same facts alleged herein.

**RESPONSE TO COMPLAINT ¶5:**

GMR lacks sufficient information to form a belief as to the allegations in Paragraph 5.

**COMPLAINT ¶6:**

When the EEOC completes its investigation of the charge and issues Plaintiff notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendant violated the ADA and ADEA as well.

**RESPONSE TO COMPLAINT ¶6:**

GMR lacks sufficient information to form a belief as to the allegations in Paragraph 6.

**COMPLAINT ¶7:**

Prior to the filing of this Complaint, Plaintiff filed charges of discrimination and retaliation in violation of the FEHA with the California Department of Fair Employment and Housing ("DFEH") against the Defendants. The DFEH charges arise out of the same facts alleged herein. On or about July 11, 2017, Plaintiff received a "right to sue" letter from the DFEH. Copies of Plaintiff's DFEH Charges and notices of right to sue are annexed to this Complaint as "Exhibit A," and are incorporated by reference herein.

**RESPONSE TO COMPLAINT ¶7:**

GMR admits that Plaintiff purports to have filed charges of discrimination and retaliation in violation of the FEHA with the California Department of Fair Employment and Housing ("DFEH") against the GMR.  GMR further admits that a copy of Plaintiff's DFEH Right to Sue letter is attached to his Complaint as Exhibit A.  GMR denies the remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

Any and all other prerequisites to the filing of this suit have been met.

**RESPONSE TO COMPLAINT ¶8:**

GMR lacks sufficient information to form a belief as to whether Plaintiff has met all other perquisites to the filing of this suit and therefore denies the same.

**PARTIES**

**COMPLAINT ¶9:**

Plaintiff Kemp Bennett is a former employee of Defendant who resides in Marin County, California. After a decade of successful service to a predecessor entity, Mr. Bennett began working for Defendant GMR Marketing in or around January 2014. Defendant unlawfully terminated Mr. Bennett's employment on April 19, 2017, based on his need for FMLA leave, his medical condition, and his age. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

**RESPONSE TO COMPLAINT ¶9:**

GMR admits that Plaintiff is a former employee of GMR.  GMR lacks sufficient information to form a belief as to whether Plaintiff is a resident of Marin, California.  GMR admits that Plaintiff's employment with GMR began on January 1, 2014. GMR admits that on April 19, 2017, Plaintiff was

informed that his employment would be terminated effective June 1, 2017 due to a lack of client projects that required Plaintiff's skill set. GMR denies the remaining allegations in Paragraph 9.

**COMPLAINT ¶10:**

Upon information and belief, Defendant GMR Marketing is a Wisconsin limited liability company authorized to do business in California and maintains its principal executive office in New Berlin, Wisconsin. GMR Marketing is a global experiential marketing agency.  At all relevant times, GMR Marketing met the definition of an "employer" under all applicable statutes.

**RESPONSE TO COMPLAINT ¶10:**

GMR admits that it is a Wisconsin corporation authorized to do business in California and maintains its principal executive office in New Berlin, Wisconsin.  GMR denies the remaining allegations in Paragraph 10.

<u>**FACTUAL ALLEGATIONS**</u>

**COMPLAINT ¶11:**

Plaintiff is a disabled person as defined under California Government Code § 12926(m). Plaintiff has been diagnosed with atrial fibrillation, a serious and permanent cardiovascular medical condition affecting his heart, that limits his major life activities and qualifies as a disability under California Government Code § 12926(m).

**RESPONSE TO COMPLAINT ¶11:**

GMR lacks sufficient information to form a belief as to whether Plaintiff has been diagnosed with atrial fibrillation.  GMR denies the remaining allegations in Paragraph 11.

**COMPLAINT ¶12:**

On January 1, 2014, Plaintiff was hired by Defendant, GMR Marketing, LLC, in the capacity of Account Director. On April 19, 2017, Defendant terminated Plaintiff's employment due to a lack of client projects that required Plaintiff's skill set.  At all times herein mentioned, Plaintiff was qualified for the position of Account Director with GMR Marketing.

**RESPONSE TO COMPLAINT ¶12:**

GMR admits that on January 1, 2014, Plaintiff was hired by GMR in the capacity of Account Director. GMR admits that on April 19, 2017, Plaintiff was informed that his employment would be

terminated effective June 1, 2017 due to a lack of client projects that required Plaintiff's skill set.  GMR denies the remaining allegations in Paragraph 12.

**COMPLAINT ¶13:**

The fact that Plaintiff is a disabled person, due to having atrial fibrillation, a serious medical condition that limits a major life activity as defined under California Government Code § 12926(m), was a determinative and/or substantial motivating factor in the Defendant's decision to terminate Plaintiff's employment.

**RESPONSE TO COMPLAINT ¶13:**

GMR denies the allegations in Paragraph 13.

**COMPLAINT ¶14:**

On January 19, 2017, Mr. Bennett experienced an irregular heartbeat and went to the emergency room for further testing.  The next day, he met with a cardiologist for continued testing as the doctors were unable to properly diagnose him.

**RESPONSE TO COMPLAINT ¶14:**

GMR lacks sufficient information to form a belief as to the allegations in Paragraph 14.

**COMPLAINT ¶15:**

On January 23, 2017, four days following his visit to the emergency room, Mr. Bennett had a meeting with his supervisor at GMR Marketing where he discussed his recent medical incident and his future work projects with the company.

**RESPONSE TO COMPLAINT ¶15:**

GMR denies the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Mr. Bennett at all times continued to meet or exceeded the Company's legitimate expectations for his position.

**RESPONSE TO COMPLAINT ¶16:**

GMR denies the allegations in Paragraph 16, which in any event are legal assertions requiring no response.

**COMPLAINT ¶17:**

Several weeks later, Mr. Bennett had an echocardiogram and was fitted with a heart monitor for one-week, beginning on March 17 in San Francisco.  Approximately three months following his initial medical emergency, Mr. Bennett met with a cardiologist in San Francisco and was ultimately diagnosed with atrial fibrillation on April 14.  He was recommended to undergo ablation surgery.

**RESPONSE TO COMPLAINT ¶17:**

GMR lacks sufficient information to form a belief as to the allegations in Paragraph 17.

**COMPLAINT ¶18:**

On April 17, three days after his diagnosis, Mr. Bennett scheduled his surgery for May 18.  That day, he reported his diagnosis, scheduled surgery, and the necessary leave required for the surgery to his supervisor.

**RESPONSE TO COMPLAINT ¶18:**

GMR admits that on April 17, 2017, Plaintiff reported, in general terms, that he would undergo an outpatient procedure involving his heart.  GMR admits that Plaintiff informed GMR that he would take only a few days of vacation. GMR lacks sufficient information to form a belief as to the allegations in Paragraph 18.

**COMPLAINT ¶19:**

After receiving the news of his upcoming surgery and necessary leave, his supervisor suddenly informed Mr. Bennett that certain projects that he had been expecting since January were unexpectedly unavailable.

**RESPONSE TO COMPLAINT ¶19:**

GMR denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Two days following his requested medical leave, Mr. Bennett met with his supervisor and his supervisor's superior on April 19, who informed him that he was being terminated due to "lack of business opportunities".

**RESPONSE TO COMPLAINT ¶20:**

GMR admits that on April 19, 2017, Plaintiff was informed that his employment would be terminated effective June 1, 2017 due to a lack of client projects that required Plaintiff's skill set. GMR denies the remaining allegations in Paragraph 20.

**COMPLAINT ¶21:**

The two attempted to assure Mr. Bennett that the termination had nothing to do with his work performance and was strictly related to the lack of client projects. However, the proximity of Mr. Bennett's request for medical leave and his termination was not coincidental — particularly because other projects were clearly available — and instead demonstrates that Defendant's stated basis for his termination was merely pretext.

**RESPONSE TO COMPLAINT ¶21:**

GMR denies the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Defendant's stereotyped perception of his health and medical condition and Defendant's unwillingness to engage in an interactive process that would have confirmed that Mr. Bennett remained fully capable and eager to perform his job to his accustomed standards were the true reasons for Mr. Bennett's abrupt termination.

**RESPONSE TO COMPLAINT ¶22:**

GMR denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of his disability, since Defendant terminated Plaintiff's employment due to his physical disability in violation of California Government Code § 12940(a).

**RESPONSE TO COMPLAINT ¶23:**

GMR denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

As a proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the salary, benefits, and additional

amounts of money Plaintiff would have received if Plaintiff had not been terminated from Defendant. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

**RESPONSE TO COMPLAINT ¶24:**

GMR denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

**RESPONSE TO COMPLAINT ¶25:**

GMR denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff has and continues to incur attorney's fees and costs to enforce his rights, which Plaintiff will seek to recover pursuant to California Government Code § 12965(b).

**RESPONSE TO COMPLAINT ¶26:**

GMR denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

The aforementioned acts of Defendant were willful, wanton, malicious and oppressive, and justify the awarding of exemplary and/or punitive damages according to proof.

**RESPONSE TO COMPLAINT ¶27:**

GMR denies the allegations in Paragraph 27.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION
### (Violation of the FMLA)

**COMPLAINT ¶28:**

Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

**RESPONSE TO COMPLAINT ¶28:**

To the extent Plaintiff's prior allegation are incorporated in Paragraph 28 above, GMR incorporates its responses to the preceding paragraphs of this Answer as if they were fully set forth herein.

**COMPLAINT ¶29:**

At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, the Company is and was a "covered employer" within the meaning of the FMLA.

**RESPONSE TO COMPLAINT ¶29:**

GMR denies the allegations in Paragraph 29, which in any event are legal assertions requiring no response.

**COMPLAINT ¶30:**

The Company violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of and/or attempts to exercise Plaintiff's rights thereunder by, inter alia, terminating his employment for exercising and/or attempting to exercise his rights under the FMLA.

**RESPONSE TO COMPLAINT ¶30:**

GMR denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

As a direct and proximate result of the Company's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

**RESPONSE TO COMPLAINT ¶31:**

GMR denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

The Company's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

**RESPONSE TO COMPLAINT ¶32:**

GMR denies the allegations in Paragraph 32.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the FMLA)**

**COMPLAINT ¶33:**

Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

**RESPONSE TO COMPLAINT ¶33:**

To the extent Plaintiff's prior allegation are incorporated in Paragraph 32 above, GMR incorporates its responses to the preceding paragraphs of this Answer as if they were fully set forth herein.

**COMPLAINT ¶34:**

At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, the Company is and was a "covered employer" within the meaning of the FMLA.

**RESPONSE TO COMPLAINT ¶34:**

GMR denies the allegations in Paragraph 34, which in any event are legal assertions requiring no response.

**COMPLAINT ¶35:**

The Company unlawfully retaliated against Plaintiff by subjecting him to disparate working conditions and unfair discipline, denying him equal terms and conditions of employment, and unlawfully terminating his employment in reprisal for exercising and/or attempting to exercise his rights under the FMLA and/or for opposing the Company's interference and refusal to allow him to exercise such rights.

**RESPONSE TO COMPLAINT ¶35:**

GMR denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

As a direct and proximate result of the Company's unlawful retaliatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

**RESPONSE TO COMPLAINT ¶36:**

GMR denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

The Company's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

**RESPONSE TO COMPLAINT ¶37:**

GMR denies the allegations in Paragraph 37.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of the California FEHA — Cal. Gov. Code §§ 12940 *et seq.*)**

**COMPLAINT ¶38:**

Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

**RESPONSE TO COMPLAINT ¶38:**

To the extent Plaintiff's prior allegation are incorporated in Paragraph 38 above, GMR incorporates its responses to the preceding paragraphs of this Answer as if they were fully set forth herein.

**COMPLAINT ¶39:**

California Government Code section 12940(a) provides that it is unlawful for any employer to refuse to employ or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of that person's physical disability.

**RESPONSE TO COMPLAINT ¶39:**

GMR admits that Government Code section 12940(a) states: "For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age,

sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." GMR denies the remaining allegation sin Paragraph 39.

**COMPLAINT ¶40:**

At all times relevant hereto, Defendant was an employer, and Plaintiff was an employee of Defendant.

**RESPONSE TO COMPLAINT ¶40:**

GMR denies the allegations in Paragraph 40, which in any event are legal assertions requiring no response.

**COMPLAINT ¶41:**

Defendant knew that Plaintiff had a physical disability.

**RESPONSE TO COMPLAINT ¶41:**

GMR denies the allegations in Paragraph 41, which in any event are legal assertions requiring no response.

**COMPLAINT ¶42:**

Plaintiff was able to perform the essential job duties of his position.

**RESPONSE TO COMPLAINT ¶42:**

GMR denies the allegations in Paragraph 42, which in any event are legal assertions requiring no response.

**COMPLAINT ¶43:**

Defendant refused to allow Plaintiff to work because of his physical disability.

**RESPONSE TO COMPLAINT ¶43:**

GMR denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

In committing these actions, Defendant violated the Fair Employment and Housing Act.

1  **RESPONSE TO COMPLAINT ¶44:**

2       GMR denies the allegations in Paragraph 44.

3  **COMPLAINT ¶45:**

4       Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful

5  intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious

6  disregard of Plaintiff's rights; Defendant refused to allow Plaintiff to return to work because of his

7  disability despite the fact that Defendant knew that Plaintiff was able to perform the essential functions

8  of his position notwithstanding his disability.  Thus, Plaintiff is entitled to recover punitive damages

9  from Defendant.

10 **RESPONSE TO COMPLAINT ¶45:**

11      GMR denies the allegations in Paragraph 45.

12 **COMPLAINT ¶46:**

13      As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount

14 according to proof.

15 **RESPONSE TO COMPLAINT ¶46:**

16      GMR denies the allegations in Paragraph 46.

   **FOURTH CAUSE OF ACTION**
17 **(Failure to Accommodate in Violation of the California FEHA - Cal. Gov. Code §§**
18 **12940 *et seq.*)**

19 **COMPLAINT ¶47:**

20      Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs

21 as if fully set forth herein.

22 **RESPONSE TO COMPLAINT ¶47:**

23      To the extent Plaintiff's prior allegation are incorporated in Paragraph 47 above, GMR

24 incorporates its responses to the preceding paragraphs of this Answer as if they were fully set forth

25 herein.

26

27

28

1

**COMPLAINT ¶48:**

2

California Government Code section 12940(m) provides that it is unlawful for any employer or

3

any other covered entity to fail to make reasonable accommodation for the known physical or mental

4

disability of an employee.

5

**RESPONSE TO COMPLAINT ¶48:**

6

GMR admits that Government Code section 12940(m) states: "For an employer or other entity

7

covered by this part to fail to make reasonable accommodation for the known physical or mental

8

disability of an applicant or employee. Nothing in this subdivision or in paragraph (1) or (2) of

9

subdivision (a) shall be construed to require an accommodation that is demonstrated by the employer or

10

other covered entity to produce undue hardship, as defined in subdivision (u) of Section 12926, to its

11

operation.  (2) For an employer or other entity covered by this part to, in addition to the employee

12

protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for

13

requesting accommodation under this subdivision, regardless of whether the request was granted."

14

GMR denies the remaining allegations in Paragraph 48.

15

**COMPLAINT ¶49:**

16

At all times relevant hereto, Defendant was aware of Plaintiff's physical disability.

17

**RESPONSE TO COMPLAINT ¶49:**

18

GMR denies the allegations in Paragraph 49, which in any event are legal assertions requiring no

19

response.

20

**COMPLAINT ¶50:**

21

Plaintiff requested that Defendant accommodate his disability.

22

**RESPONSE TO COMPLAINT ¶50:**

23

GMR denies the allegations in Paragraph 50, which in any event are legal assertions requiring no

24

response.

25

**COMPLAINT ¶51:**

26

Defendant unreasonably denied Plaintiff's request and refused to allow Plaintiff to return to

27

work. Defendant then terminated Plaintiff's employment.

28

ANSWER TO COMPLAINT

1 **RESPONSE TO COMPLAINT ¶51:**

2        GMR denies the allegations in Paragraph 51.

3 **COMPLAINT ¶52:**

4        In committing these actions, Defendant violated the FEHA.

5 **RESPONSE TO COMPLAINT ¶52:**

6        GMR denies the allegations in Paragraph 52

7 **COMPLAINT ¶53:**

8        Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful

9 intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious

10 disregard of Plaintiff's rights; Defendant failed to accommodate Plaintiff despite the fact that Plaintiff

11 requested reasonable accommodation.  Thus, Plaintiff is entitled to recover punitive damages from

12 Defendant.

13 **RESPONSE TO COMPLAINT ¶53:**

14        GMR denies the allegations in Paragraph 53.

15 **COMPLAINT ¶54:**

16        As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount

17 according to proof.

18 **RESPONSE TO COMPLAINT ¶54:**

19        GMR denies the allegations in Paragraph 54.

20 **FIFTH CAUSE OF ACTION**
**(Failure to Engage in Interactive Process in Violation of the California FEHA — Cal.**

21 **Gov. Code §§ 12940 *et seq.*)**

22 **COMPLAINT ¶55:**

23        Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs

24 as if fully set forth herein.

25 **RESPONSE TO COMPLAINT ¶55:**

26        To the extent Plaintiff's prior allegation are incorporated in Paragraph 55 above, GMR

27 incorporates its responses to the preceding paragraphs of this Answer as if they were fully set forth

28 herein.

**COMPLAINT ¶56:**

California Government Code section 12940(n) provides that it is unlawful for any employer or covered entity to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition.

**RESPONSE TO COMPLAINT ¶56:**

GMR admits that California Government Code section 12940(n) states: (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

**COMPLAINT ¶57:**

At all times relevant hereto, Defendant was aware of Plaintiff's physical disability.

**RESPONSE TO COMPLAINT ¶57:**

GMR denies the allegations in Paragraph 57, which in any event are legal assertions requiring no response.

**COMPLAINT ¶58:**

Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff.

**RESPONSE TO COMPLAINT ¶58:**

GMR denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

In committing these actions, Defendant violated the Fair Employment and Housing Act.

**RESPONSE TO COMPLAINT ¶59:**

GMR denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious

disregard of Plaintiff's rights; Defendant failed to engage in a timely, good faith, interactive process with Plaintiff despite the fact that they were aware that Plaintiff were disabled.  Thus, Plaintiff is entitled to recover punitive damages from Defendant.

**RESPONSE TO COMPLAINT ¶60:**

GMR denies the allegations in Paragraph 60.

**COMPLAINT ¶61:**

As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

**RESPONSE TO COMPLAINT ¶61:**

GMR denies the allegations in Paragraph 61.

**SIXTH CAUSE OF ACTION**
**(Age Discrimination in Violation of the FEHA, California Government Code § 12940)**

**COMPLAINT ¶62:**

Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

**RESPONSE TO COMPLAINT ¶62:**

To the extent Plaintiff's prior allegation are incorporated in Paragraph 62 above, GMR incorporates its responses to the preceding paragraphs of this Answer as if they were fully set forth herein.

**COMPLAINT ¶63:**

Defendant GMR Marketing is subject to suit under the California Government Code §§ 12900 *et. seq.* in that Plaintiff was employed at Defendant's office in San Francisco, California, and Defendant is an employer regularly employing five or more employees within the State of California.

**RESPONSE TO COMPLAINT ¶63:**

GMR admits that it employs more than five employees within the State of California, and that Plaintiff worked in GMR's office in San Francisco. GMR denies the remaining allegations in Paragraph 63, which in any event are legal assertions requiring no response.

**COMPLAINT ¶64:**

The unlawful employment practices complained of herein took place in San Francisco County.

1

**RESPONSE TO COMPLAINT ¶64:**

2

GMR admits that Plaintiff worked in GMR's office in San Francisco. GMR denies the remaining

3

allegations in Paragraph 64.

4

**COMPLAINT ¶65:**

5

Plaintiff is over the age of 40 and qualifies for protection under FEHA's protection against age

6

discrimination for individuals over the age of 40.

7

**RESPONSE TO COMPLAINT ¶65:**

8

GMR admits that Plaintiff is over the age of 40.  GMR denies the allegations in Paragraph 65,

9

which in any event are legal assertions requiring no response.

10

**COMPLAINT ¶66:**

11

At all times relevant hereto, Defendant was an employer, and Plaintiff was an employee of

12

Defendant.

13

**RESPONSE TO COMPLAINT ¶66:**

14

GMR admits the allegations in Paragraph 66.

15

**COMPLAINT ¶67:**

16

Defendant knew that Plaintiff was over the age of 40.

17

**RESPONSE TO COMPLAINT ¶67:**

18

GMR admits the allegations in Paragraph 67.

19

**COMPLAINT ¶68:**

20

Plaintiff was able to perform the essential job duties of his position.

21

**RESPONSE TO COMPLAINT ¶68:**

22

GMR admits the allegations in Paragraph 68.

23

**COMPLAINT ¶69:**

24

On April 19, 2017, when Plaintiff was 62 years-old, he was terminated from employment by

25

Defendant due to discrimination based on his age.

26

27

28

**RESPONSE TO COMPLAINT ¶69:**

GMR admits that on April 19, 2017, Plaintiff was informed that his employment would be terminated effective June 1, 2017 due to a lack of client projects that required Plaintiff's skill set. GMR denies the remaining allegations in Paragraph 69.

**COMPLAINT ¶70:**

Had he not been terminated, Plaintiff would have intended to continue working for Defendant for many years to come.

**RESPONSE TO COMPLAINT ¶70:**

GMR denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of Plaintiff's age in violation of California Government Code § 12940(a).

**RESPONSE TO COMPLAINT ¶71:**

GMR denies the allegations in Paragraph 71.

**COMPLAINT ¶72:**

As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff has been promoted based on the merits of his achievements and not denied promotions and opportunities to earn commissions due to his age.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

**RESPONSE TO COMPLAINT ¶72:**

GMR denies the allegations in Paragraph 72.

**COMPLAINT ¶73:**

As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-

related opportunities as experience as an Account Director.  As a result of such  discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

**RESPONSE TO COMPLAINT ¶73:**

GMR denies the allegations in Paragraph 73.

**COMPLAINT ¶74:**

As a further proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body.

**RESPONSE TO COMPLAINT ¶74:**

GMR denies the allegations in Paragraph 74.

**GMR'S SEPARATE DEFENSES**

In further answer to Plaintiff's Complaint, GMR alleges the following additional and separate defenses.  In asserting these defenses, GMR does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST SEPARATE DEFENSE**

**(Statute of Limitations - All Causes of Action)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SECOND SEPARATE DEFENSE**

**(Mixed Motive - All Causes of Action)**

GMR asserts that even if some impermissible motive were a factor in any decision concerning Plaintiff, a claim that GMR expressly denies, the same decisions(s) would have been reached for legitimate business reasons.

**THIRD SEPARATE DEFENSE**

**(Legitimate Non-Discriminatory Factors - All Causes of Action)**

Plaintiff's claims are barred because any adverse employment actions taken against him were based on legitimate, non-discriminatory, and/or non-retaliatory factors and not any protected characteristic or protected activity.

ANSWER TO COMPLAINT

**FOURTH SEPARATE DEFENSE**

**(Failure to Mitigate Damages - All Causes of Action)**

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

**FIFTH SEPARATE DEFENSE**

**(Unclean Hands - All Causes of Action)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH SEPARATE DEFENSE**

**(Estoppel - All Causes of Action)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, judicial or equitable. Plaintiff, by his own conduct and actions, is estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

**SEVENTH SEPARATE DEFENSE**

**(Waiver - All Causes of Action)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**EIGHTH SEPARATE DEFENSE**

**(Release of Claims — All Causes of Action)**

To the extent Plaintiff has released any of the claims alleged in his Complaint, he is barred from recovering on those claims in whole or in part, by such releases.

**NINTH SEPARATE DEFENSE**

**(After Acquired Evidence - All Causes of Action)**

Subject to further proof, Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

**TENTH SEPARATE DEFENSE**

**(Good Cause - All Causes of Action)**

Plaintiff's employment with GMR ended for good cause and sufficient non-discriminatory and non-retaliatory reasons.

ANSWER TO COMPLAINT

**ELEVENTH SEPARATE DEFENSE**

**(Offset - All Causes of Action)**

To the extent that any unlawful conduct occurred, which GMR denies, GMR took all reasonable steps to prevent the alleged unlawful conduct, including implementing policies to prevent discrimination, harassment, and retaliation, and GMR was not aware of the purported unlawful conduct. Accordingly, Plaintiff's claims are barred or, alternatively, his relief is limited.

**TWELFTH SEPARATE DEFENSE**

**(Failure to Exhaust Administrative Remedies - Third through Sixth Causes of Action)**

Plaintiff's claims are barred, in whole or in part, to the extent he failed to exhaust his administrative remedies.

**THIRTEENTH SEPARATE DEFENSE**

**(Scope of Administrative Charge — First through Fifth Causes of Action)**

Plaintiff's causes of action are barred in whole or in part to the extent that Plaintiff's allegations do not appear in any timely and proper administrative charge filed by Plaintiff before commencing this lawsuit.

**FOURTEENTH SEPARATE DEFENSE**

**(Setoff And Recoupment - All Claims)**

To the extent a court holds that Plaintiff is entitled to damages or penalties, which GMR specifically denies, GMR is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff by GMR, all other payments or benefits provided to Plaintiff by GMR to which he is not entitled, and all obligations owed to GMR by Plaintiff against any judgment that may be entered against GMR.

ANSWER TO COMPLAINT

**FIFTEENTH SEPARATE DEFENSE**

**(After Acquired Evidence - All Claims)**

Plaintiff's claims are barred, or he is precluded from recovering damages, to the extent that GMR learned through after-acquired evidence that he engaged in any additional fraud or other misconduct that, if known, would have caused Plaintiff to be terminated.

**SIXTEENTH SEPARATE DEFENSE**

**(Workers' Compensation Preemption - All Causes of Action)**

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the California Workers' Compensation Act, Lab. Code §§ 132a and 3200, *et. seq.*

**SEVENTEENTH SEPARATE DEFENSE**

**(Good Faith - All Causes of Action)**

Assuming *arguendo* that any of the actions alleged in the Complaint were taken by GMR, such actions were taken in good faith and were a lawful exercise of sound discretion and GMR's legal rights, and were based on a rational, reasonable consideration of the facts.

**EIGHTEENTH SEPARATE DEFENSE**

**(Same Decision - All Causes of Action)**

Even if any employment decision GMR made or any employment action GMR took with respect to Plaintiff is found to have been unlawfully motivated, which GMR specifically denies, Plaintiff's claims are barred in whole or in part to the extent that the decisions and actions would have occurred in the absence of that motivation.

**NINETEENTH SEPARATE DEFENSE**

**(Lack of Knowledge - All Causes of Action)**

Plaintiff's claims are barred because GMR was not aware of, and had no basis to suspect, the discrimination and/or retaliation alleged in Plaintiff's Complaint.

ANSWER TO COMPLAINT

## TWENTIETH SEPARATE DEFENSE

### (Punitive Damages - All Causes of Action)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

## TWENTY-FIRST SEPARATE DEFENSE

### (Punitive Damages Unconstitutional - All Causes of Action)

On their face and as applied to the Complaint, the provisions of Civil Code §§ 3294, *et seq.* violate GMR's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague; and (2) the Civil Code provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

## TWENTY-SECOND SEPARATE DEFENSE

### (No Punitive Damages for Good Faith Conduct - All Causes of Action)

Plaintiff is not entitled to recover any punitive damages for decisions or actions that are or were contrary to the policies that GMR instituted in good faith against wrongful or unlawful conduct.

## PRAYER

Wherefore, GMR prays for judgment as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That judgment be entered in favor of GMR and against Plaintiff on all claims for relief;

3.     That GMR be awarded reasonable attorneys' fees according to proof;

4.     That GMR be awarded the costs of suit incurred herein; and

That GMR be awarded such other and further relief as the Court may deem appropriate.

ANSWER TO COMPLAINT

1  DATED: August 21, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

SEYFARTH SHAW LLP


By:   /s/ Eric G. Ruehe
     Aaron Lubeley
     Eric G. Ruehe
Attorneys for Defendant
GMR MARKETING, LLC

40516421v.1

ANSWER TO COMPLAINT