Robert W. Ottinger (SBN 156825)
Benjamin D. Weisenberg (*pro hac vice*)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-262-0096
Fax: 212-571-0505

*Attorneys for Plaintiff, Kemp Bennett*

SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, CA 90071-1406
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Eric G. Ruehe (SBN 284568)
eruehe@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
GMR MARKETING, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMP BENNETT, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GMR MARKETING LLC, [a Wisconsin Corporation],<br><br>Defendant | Case Number: 4:17-cv-03957-YGR<br><br>JOINT CASE MANAGEMENT STATEMENT |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT

STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated

July 1, 2011 and Civil Local Rule 16-9.

1
JOINT CASE MANAGEMENT STATEMENT

41736232v.1

## 1. Jurisdiction & Service

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a). 4.

Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## 2. Facts

Plaintiff was employed by Defendant as an Account Director in San Francisco, California from February of 2004 until his termination on April 20, 2017. (Complaint, ¶ 12). Plaintiff, who is 63 years old, experienced an irregular heartbeat in January 19, 2017 and was rushed to the emergency room for further testing. He was required to return to the hospital for further testing throughout the rest of his employment. (*Id.* ¶¶ 14-15). On April 17, 2017, Plaintiff informed Defendant that he would be undergoing surgery and would need the necessary time off for the surgery. (*Id.* ¶ 18). On April 19, 2017, two days after requesting time off for surgery, Plaintiff was terminated due to "lack of business opportunities." (*Id.* ¶ 20). Defendant lost Chevron as a client in 2017, but it subsequently acquired Intel as a client during that time frame.

Defendant denies Plaintiff's allegations, claims, alleged damages, and requested relief. Plaintiff was initially employed by SportsMark Management Group in February 2004, which merged with GMR Marketing LLC ("GMR") on or around January 2013. On January 1, 2014, Plaintiff transferred to GMR as an Account Director in San Francisco, California. During his employment, Plaintiff mainly worked for a single client, Chevron. On April 19, 2017, after Chevron announced it was leaving GMR, Plaintiff was informed that his employment would be terminated effective June 1, 2017 due to a lack of client projects that required Plaintiff's skill set.

## 3. Legal Issues

Plaintiff alleges that he was fired for being an older person with health problems who asked for time off for surgery. Specifically, he alleges that Defendant violated his rights under the Family Medical Leave Act, the Fair Employment and Housing Act and California Government Code §§ 12940 *et. seq.*. (*Id. ¶¶* 38-46).

Defendant denies Plaintiff's claims, alleged damages, and requested relief.

## 4. Motions

Defendant intends to file dispositive motions on Plaintiff's claims under the Family Medical Leave Act, the Fair Employment and Housing Act, and California Government Code §§ 12940 *et. seq.* .

## 5. Amendment of Pleadings

Plaintiff will amend his complaint to add a claim under the California Family Rights Act.

## 6. Evidence Preservation

The parties certify that they have independently reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and they have met and conferred pursuant to Fed. R. Civ. R. 26(f). Further, the parties certify that they are working with their respective clients to identify and preserve potentially relevant ESI.

## 7. Disclosures

The parties exchanged initial disclosures on October 16, 2017.

## 8. Discovery

At this time, the parties anticipate discovery on their claims and Defendant's defenses. The parties anticipate written discovery and oral depositions including, but not limited to, e-discovery. The parties anticipate that Plaintiff's deposition will take place before the Early Settlement Conference with a Magistrate Judge, which has not yet been scheduled.

The parties anticipate entering into an e-discovery stipulation and intend to seek a stipulated protective order (using the form on the Northern District's website) to ensure the protection of any confidential or proprietary information.

## 9. Class Actions

N/A

41736232v.1

### 10. Related Cases

The parties are not aware of related cases.

### 11. Relief

Plaintiff has requested damages, including liquidated and punitive in an amount to be proved at trial and as permitted by law. Defendant contends that Plaintiff is not entitled to any relief.

### 12. Settlement and ADR

On September 27, 2017, the parties filed a notice of the need for an ADR phone conference, and requested an Early Settlement Conference with a Magistrate Judge. The ADR phone conference is scheduled to be held on October 16, 2017

### 13. Consent to Magistrate Judge For All Purposes

Defendant declined to consent to the jurisdiction of a Magistrate Judge for all purposes, and the case has been reassigned to Judge Yvonne Gonzalez Rodgers.

### 14. Other References

As stated above, the parties have requested an early settlement conference with a Magistrate Judge. The parties do not believe this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties are not aware of any issues that can be narrowed at this time.

### 16. Expedited Trial Procedure

The parties do not believe this matter is appropriate for the Expedited Trial Procedure of General Order 64, Attachment A. The parties were also unable to agree on dates for future scheduling as demonstrated below.

### 17. Scheduling

1. **Deadline for Discovery**

   Defendants request July 2018. Plaintiffs request March 2018.

2. **Deadline for Non-Dispositive Motions**

   Plaintiffs request February 2018.

3. **Deadline for Dispositive Motions**

   Defendants request September 2018. Plaintiffs request April 2018.

4. **Pretrial Conference**

   Defendants request October 2018. Plaintiffs request May 2018.

5. **Trial**

   Defendants request November 2018. Plaintiffs request June 2018.

**18. Trial**

Plaintiff has timely demanded a trial by jury, and anticipate a jury trial would last 3 days. Defendant anticipates that the trial would last 5 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Defendant filed its Disclosure of Non-party Interested Entities or Persons. [Docket No. 14].

**20. Professional Conduct**

All attorneys of record for the parties have independently reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

There are no other matters at this time.

Dated: _____

Counsel for Plaintiff
THE OTTINGER FIRM, P.C.

DATED: October 16, 2017

                /s/ Eric G. Ruehe

Respectfully submitted,

SEYFARTH SHAW LLP


By:    /s/ Eric G. Ruehe
      Aaron Lubeley
      Eric G. Ruehe

Attorneys for Defendant
GMR MARKETING LLC